United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBIN D. FAULDS,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI[1],<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 20-cv-06807-BLF<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)**<br><br>[Re: ECF No. 31] |

Plaintiff Robin D. Fauld's counsel ("Counsel") moves for attorneys' fees pursuant to 42 U.S.C. § 406(b) following Fauld's successful appeal of the denial of Social Security benefits. *See* ECF No. 31 ("Mot."). Counsel seeks an award of $20,875.23, which is less than 25% of the past-due benefits awarded to Faulds. Counsel's motion is GRANTED for the reasons discussed below.

Faulds filed this action on September 30, 2020, seeking review of the denial of her application for Disability Insurance Benefits. *See* Compl., ECF No. 1. The Court approved the parties' stipulation to voluntary remand on August 23, 2021. *See* Order, ECF No. 27. Faulds obtained a favorable result on remand, receiving awards of past-due benefits for the period of January 2017 through April 2023. *See* Mem., ECF No. 31-1, at 2; Mem. Ex. B, ECF No. 31-3 ("Ex. B"). Pursuant to 42 U.S.C. § 406(b) and a written contingent-fee agreement between Faulds and Counsel, Counsel is entitled to a maximum of 25% of past-due benefits awarded to Faulds. *See* Fee Agreement, ECF No. 31-4.

On remand, Faulds was awarded past-due Disability Insurance Benefits in the amount of

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party in place of former Commissioner Andrew Saul. *See* Fed. R. Civ. P. 25(d).

1  $103,500.92.  Mem. at 2; Ex. B.  As is standard, the Social Security Administration withheld

2  $25,875.23 for payment of attorneys' fees, which is 25% of the past-due benefits.  Mem. at 2; Ex.

3  B. at 2.  The Court also previously granted $3,373.24 in attorneys' fees to Faulds under the Equal

4  Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Mem. at 2; ECF No. 30.  Counsel

5  specifically seeks a "gross fee" of $20,875.23, which would equate to a "net fee" of $17,501.99

6  after reimbursing Faulds $3,373.24 for EAJA fees.  Mem. at 2.

7  The Court finds that the fees sought are reasonable and the motion for attorneys' fees in the

8  amount of $20,875.23 is GRANTED.

## I. LEGAL STANDARD

Section 406(b) of the Social Security Act governs Counsel's request for fees.  Under that provision, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A).  "A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand."  *Butler v. Colvin*, No. 3:14-CV-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017).  "[T]he fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys specializing in social security work "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful."  *Crawford*, 586 F.3d at 1147.  The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  However, the district court must review contingent-fee agreements "as an independent check, to assure that

2

they yield reasonable results in particular cases." *Id*. "[T]he district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

Where attorneys' fees have been awarded pursuant to the EAJA, the EAJA fees must be offset against any fees awarded under § 406(b). *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412). "Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Id*. (quoting 28 U.S.C. § 2412). "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id*. (internal quotation marks, citation, and alterations omitted).

## II.    DISCUSSION

Pursuant to the standards set forth above, the Court begins its analysis by looking to the contingent-fee agreement between Counsel and Faulds. The Court has conducted an "independent check" of the parties' contingent-fee agreement to assure that the agreed-upon 25% of past-due benefits is reasonable in this case. *Gisbrecht*, 535 U.S. at 807. Counsel obtained a fully favorable benefits award, resulting an award of past-due benefits in the amount of $103,500.92 to Faulds. Nothing in the record suggests that Counsel's performance was substandard or that Counsel delayed proceedings to increase the amount of fees awarded. Faulds requested, and the Court granted, one extension of time to file a Motion for Summary Judgment, but Counsel submits the extension was necessary to draft a thorough brief given the complexity of the case and other overlapping district court deadlines. Mem. at 4. The Court agrees that there are no instances of undue delay.

The requested fees award of $20,875.23 for 16.65 hours of work results in an effective hourly rate of $1,253.76 which would not pass muster under the lodestar method. Nevertheless, the Supreme Court has expressly held that the lodestar method does not apply to an award of

3

attorneys' fees under § 406(b). *See Gisbrecht*, 535 U.S. at 806-07 ("It is also unlikely that Congress, legislating in 1965, and providing for a contingent-fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later."). Courts in this district have approved contingent-fee agreements resulting in similar hourly rates in Social Security cases. *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); *Harrell v. Berryhill*, No. 16-CV-02428-TSH, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) ("The Court finds that a de facto hourly rate of $1,213.83 is reasonable."). Both the Government and Faulds were given notice of Counsel's motion for attorneys' fees, and while the Government filed a response, they did not object to awarding attorneys' fees in accordance with Faulds' motion. *See* Resp., ECF No. 34. Having considered the record in this case and the applicable law, the Court is satisfied that Counsel's request for attorneys' fees in the amount of $20,875.23 under § 406(b) is reasonable.

As stated above, where attorneys' fees have been awarded pursuant to the EAJA, the EAJA fees must be offset against any fees awarded under § 406(b). *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412). Defendant notes that this offset would be proper, stating that if the Court awards § 406(b) attorneys' fees, it should also order that counsel pay Plaintiff the fees already awarded under the EAJA. *See* Resp. The Court agrees that Faulds should be refunded the $3,373.24 in EAJA fees previously awarded.

## III. ORDER

1. Counsel's motion for attorneys' fees under § 406(b) is GRANTED in the amount of $20,875.23; and

2. Faulds SHALL be refunded the $3,373.24 in EAJA fees previously awarded.

Dated: June 27, 2023

_____
BETH LABSON FREEMAN
United States District Judge